## Abraham Wing *versus* Thomas Kennedy & al.

If it be shown by parol proof that a poor debtor's bond was in fact executed on a day subsequent to its date, the obligors are, for the purpose of making a computation of time of performance, bound by the date of the bond and recital of the day of arrest.

Where the surety in such bond did not read it, and was truly informed of the date of the bond and of the day of the arrest of the debtor, but was misinformed as to the time when by its terms the conditions. must be performed, and where there was no fraudulent design, he cannot be relieved from his liability by the terms of the bond.

Debt on a poor debtor's bond, bearing date Aug. 4, 1839. At the trial, before Whitman C. J., after the evidence was introduced, the plaintiff became nonsuit, reserving liberty to move for a new trial, in case the whole Court should be of opinion, that the action might be maintained.

The material facts are all given at the commencement of the opinion of the Court.

*Webster*, for the plaintiff, said the contract here was to do certain things within six months from the date of the bond. Any evidence, the effect of which is to extend the time of performance, varies and alters the effect of the written contract. Parol evidence is inadmissible for that purpose.

It is said, that a deed takes effect from its delivery, and not from its date. This rule applies only to the conveyance of real estate. But here the date is a material part of the contract, and as material, as the day stated, when performance is to be made by a future day certain, fixed in the instrument. 2 Stark. Ev. 543, 544, and 551, and cases cited; 2 Johns. R. 230; 4 Barn. & Cres. 408.

If the date is to be changed by such testimony, it may change the nature of the contract, and turn a statute bond into a common law bond.

To permit such evidence would be to contradict the return of the officer. The law requires, that the officer should return when he took the bond, and return the bond with his precept. The return of an officer cannot be contradicted, unless in a suit against him for a false return. Com. Dig. Return, G.; *Bott* v. *Burnell*, 9 Mass. R. 96; Same case, 11 Mass. R. 163; *Estabrook* v. *Hapgood*, 10 Mass. R. 313; *Slayton* v. *Chester*, 4 Mass. R. 478; *Bean* v. *Parker*, 17 Mass. R. 591; *Winchell* v. *Stiles*, 15 Mass. R. 230; *Stinson* v. *Snow*, 1 Fairf. 263.

The bond recites, that the debtor was arrested on the day of its date, and he is estopped from denying it.

But there should not have been a nonsuit, because, if the bond is to be considered as taking effect from the time the witness said it was signed, still it is good at common law, and the action can be maintained.

*J. S. Abbott*, for the defendants, contended that the officer's return was not contradicted by the evidence objected to, because it does not appear that this is the bond referred to by him.

The action was commenced within six months from Sept. 4, the time the bond was actually signed, if the evidence is ad-

missible to show the fact. The only inquiry then is, whether we are at liberty to show the mistake. If we may, the suit is prematurely brought.

The rule is, that all mistakes in date may be shown. 2 Stark. Ev. 557, 572, and cases cited. Mistake in the date of a replevin bond, and of a writ may be shown. *Chandler* v. *Smith*, 14 Mass. R. 313 ; *Johnson* v. *Farwell*, 7 Greenl. 370.

The opinion of the Court was drawn up by

SHEPLEY J. — This suit is brought on a poor debtor's bond, bearing date August 4, 1839 ; and it recites, that the defendant, William Kennedy, was then arrested on the execution in favor of the plaintiff against him. The officer's return on the execution states the arrest to have been made on that day. It appears, that the part of the bond which was not printed, including the date and time of arrest, was written by the principal in the bond ; and that it was signed and sealed, when neither the officer, nor the creditor was present. And that this was done on the fourth day of September following. The subscribing witness states " that the surety in said bond, not having spectacles with him at the time of putting his signature to the bond, could not read it, but was told that if the principal should surrender himself within six months from that time, he would be saved harmless." There is nothing in this testimony to prove, that the bond was not antedated by the principal for the purpose of making it conform to an arrangement made with the officer, that he should obtain one bearing that date to correspond with the date of the arrest. And the fact, that he wrote it and inserted the date and the day of arrest corresponding thereto, is suited to impress the mind with the belief, that such was the case. And the proof, that the bond was executed on the fourth of September does not prove, that the debtor was not arrested on the fourth of August, and allowed to procure and present a bond as soon as opportunity would permit. The effect of proof that the bond was in fact executed on a day subsequent to the date, has been considered

in the case of *Cushman* v. *Waite,* in the county of Penobscot, where it was shown, that the signers were in such case, for the purpose of making a computation of time, bound by the date of the bond and recital of the day of arrest.

The surety does not appear to have been misinformed respecting the date of the bond or the day of arrest, while he was so with respect to the legal effect of it. And there is no indication, that this was done with any fraudulent design. There is nothing in the testimony, which shows, that he was not truly informed both of the date of the bond, and the day of the alleged arrest of the debtor. And nothing therefore to relieve him from his obligation. The nonsuit is to be taken off, and the case is to stand for trial.